United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAYNOR ESTUARDO VELASQUEZ SEQUEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-901 |
| | § | |
| WARDEN, EL VALLE DETENTION CENTER, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Petitioner Maynor Estuardo Velasquez Sequen is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing. (*See* Mot., Doc. 2)

The Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) forecloses any statutory argument. Petitioner contends that the Fifth Amendment's Due Process Clause does not permit Respondents to detain an individual without an opportunity to seek bond. The Court has previously considered and rejected similar arguments. *See, e.g., Makhmudov v. Lyons*, No. 1:26-CV-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) (citing *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25- CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26- CV00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); and *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024)). Additionally, the Court finds the reasoning of other district courts in denying relief to be persuasive. *See, e.g., Castellano v. Strong*, No. 6:26-CV-125-H, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time.")

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than September 9, 2026 Petitioner Maynor Estuardo Velasquez Sequen shall file a Statement explaining why the reasoning in the previously-referenced decisions does not apply to the claims that he presents.

If Petitioner does not file the Statement, the Court will deny the Petition.

In addition, Petitioner requests that the Court enjoin Respondents from effectuating his transfer or removal during the pendency of this litigation. (Mot., Doc. 2) Contrary to Petitioner's argument, the Court would retain jurisdiction over the habeas matter in the event that Respondents transfer Petitioner to a different detention center. *See Ex parte Endo*, 323 U.S. 283, 305 (1944). In addition, Petitioner is currently in removal proceedings and does not allege that his removal is imminent. As a result, it is:

**ORDERED** that Petitioner Maynor Estuardo Velasquez Sequen's Emergency Motion to Prevent Transfer or Removal Pending Resolution of Petitioner for Writ for Habeas Corpus (Doc. 2) is **DENIED**.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on August 19, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge